## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00661-TBR

USAA LIFE INSURANCE COMPANY, INC.,                    Plaintiff/Stakeholder,

v.

DIANA SPACE, *et al.*,                               Defendants/Claimants.

## MEMORANDUM OPINION

### I.

The general facts of this case are described in this Court's prior opinion.  *See USAA Life Ins. Co. v. Space*, No. 3:14-CV-00661-TBR, 2015 WL 3407323, at *1–2 (W.D. Ky. May 26, 2015).   Briefly, when Rose Marie Akin died under suspicious circumstances, USAA Life Insurance Company interpleaded, with this Court's permission, life insurance proceeds subject to competing claims from her sister, Diana Space, and her stepson, Phillip Akin, and his family.  *Id.* at *1.  In the time since, Space and the Akins agreed to split the interpleaded funds equally.  *See* R. 43 at 1 (Agreed Order of Partial Dismissal).  A breach of contract counterclaim, filed by the Akins against USAA, is all that remains of this interpleader action.  *See* R. 17 at 4–5, ¶¶ 1–12 (Akins' Answer, Crossclaim, and Counterclaim).  Now, USAA seeks summary judgment as to that counterclaim, *see* R. 47 (Motion for Summary Judgment), and discharge from future liability relating to its decision to settle the ownership controversy by way of interpleader, *see* R. 46 (Renewed Motion for Discharge).  For the reasons that follow, USAA's Motion for Summary Judgment (R. 47) and Renewed Motion for Discharge (R. 46) are **GRANTED**.

1

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, USAA must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the Akins' claim. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming USAA satisfies its burden of production, the Akins "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III.

USAA seeks summary judgment on the Akins' breach of contract counterclaim. *See* R. 47 at 1.  From USAA's point of view, the Akins' counterclaim is nothing more than a competing claim to Rose's life insurance proceeds.  *See id.* at 5–6; *see also* R. 54 at 2, 5–6 (Reply in Support of Motion for Summary Judgment and Renewed Motion for Discharge).  Because it filed an appropriate interpleader action to settle the question of to whom those proceeds belong, USAA argues it cannot be liable to the Akins for breach of contract.  *See* R. 47 at 5–6; *see also* R. 54 at 2, 5–6.  Accordingly, USAA again asks to be discharged from this action.  *See* R. 46 at 6–8.  The Court agrees.

### A.

### 1.

In a typical interpleader action, if a claimant brings a counterclaim "against the stakeholder, the stakeholder is kept in the litigation to defend against the counterclaim, rather than being dismissed after depositing the disputed funds" with the Court. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009) (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 643 (6th Cir. 2007); *Wayzata Bank & Tr. Co. v. A & B Farms*, 855 F.2d 590, 593 (8th Cir. 1988); *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978)).  For that to be true, however, the counterclaim must be independent of the ownership issue that the interpleader action was brought to settle.  Otherwise, so long as the stakeholder is "blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants . . . for any claims directly relating to its failure to resolve that controversy." *Id.* at 265.

**2.**

Here, the Akins' breach of contract counterclaim is indistinguishable from the ultimate issue of to whom Rose's life insurance proceeds belonged.  Distilled to its essence, the counterclaim alleges that USAA breached the insurance contract when it declined to immediately "pay the policy proceeds to Phillip Akin, or in the alternative, to Coletta Akin, Ruthie Akin, Sophia Akin and James Akin."  R. 17 at 5, ¶ 11.  The entirety of the Akins' counterclaim, then, concerns USAA's "failure to resolve its investigation in [their] favor and pay out the life insurance proceeds to [them]."  *Hovis*, 553 F.3d at 264.  As discussed above, however, a stakeholder's failure to choose between "adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty."  *Id.* at 265 (citing *Lutheran Bhd. v. Comyne*, 216 F. Supp. 2d 859, 862 (E.D. Wis. 2002); *Metropolitan Life Ins. Co. v. Barretto*, 178 F. Supp. 2d 745,748 (S.D. Tex. 2001)); *see also Lexington Ins. Co. v. Jacobs Indus. Maint. Co.*, 435 F. App'x 144, 148–49 (3d Cir. 2011).  Accordingly, USAA is entitled to judgment as a matter of law on the Akins' counterclaim.

The Akins disagree with that assessment.  According to them, the counterclaim calls into question the disposition of a different insurance policy that is not subject to this interpleader action.  *See* R. 49 at 3 (Response to Motion to Summary Judgment and Renewed Motion for Discharge).  The Akins claim that Rose had a single life insurance policy until an online change-of-beneficiary form divided it into two separate policies: the first in favor of Phillip Akin, the second in favor of Diana Space.  *See* R. 17 at 4, ¶ 4.  While USAA made the contracted-for payment to Space upon Rose's death, it refused to make the same payment to Phillip Akin.  *See id.* at 5, ¶ 5. Because of questions about the

authenticity of the change-of-beneficiary form, USAA brought this interpleader action instead. *See id.* As the Akins point out, however, any doubts regarding the legitimacy of the change-of-beneficiary form ought to affect the validity of both policies. *See id.*, ¶ 6.

While the Akins' theory makes a good deal of sense in the abstract, it rests on factual premises without support in the record. Contrary to the Akins' allegations, there have always been two separate life insurance policies. *Compare* R. 54-2 (Policy No. M589234361), *with* R. 54-3 (Policy No. D845599763). The only contested claim related to the policy subject to this interpleader action. *See* R. 54-4 at 1 (Space's Letter); *see also* R. 54-5 at 1–2 (Hadwin's Letter). The allegations in the Akins' counterclaim do not cast doubt on USAA's disposition of that second, unrelated insurance policy.[1]

## B.

Next, the Akins ostensibly oppose the entry of summary judgment in so far as there has been no formal discovery exchanged. *See* R. 55 at 1–3 (Reply in Support of Motion for Voluntary Dismissal); *see also* R. 49 at 3–4. The Court is not persuaded. While the Court "must afford the parties adequate time for discovery, in light of the circumstances of the case," before ruling on a motion for summary judgment, *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995), the Akins bear the burden of showing, by affidavit and motion, why additional discovery is necessary, *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990); *see also* Fed. R. Civ. P. 56(d). Specifically, the Akins must show the need for discovery, what material

---

[1] The Akins speculate that, arguably, USAA "through its handling of not only the interpleader, but the entire claims process, has violated Kentucky's statutes regarding unfair trade practices." R. 49 at 3 (Response to Motion for Summary Judgment and Renewed Motion for Discharge). However, the Akins concede that "those claims have not been advanced as part of the counterclaim." *Id.*; *see also* R. 48 at 2–3 (Motion for Voluntary Dismissal); *accord* R. 53 at 12 & n.4 (Response to Motion for Voluntary Dismissal). Accordingly, the Court makes no judgment as to the merits, if any, of such a claim.

facts that discovery might uncover, and why the information was not previously discovered.  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

Here, the Akins filed no affidavit, as is required by Federal Rule of Civil Procedure 56(d).  "[T]he failure to file an affidavit under [Rule 56(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Cacevic*, 226 F.3d at 488 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)) (internal quotation marks omitted); *see also Klepper*, 916 F.2d at 343 (same). Regardless, the Akins do not elaborate on how more discovery is needed to resolve their breach of contract counterclaim, but instead make only general and conclusory statements.  *See* R. 56 at 1–2.  In short, the Court sees no reason to delay resolving USAA's motions for summary judgment and discharge.

## IV.

USAA Life Insurance Company, Inc.'s Renewed Motion for Discharge (R. 46) and Motion for Summary Judgment (R. 47) are **GRANTED**.  The Akins are **ENJOINED** from commencing any action against USAA Life Insurance Company, Inc. for the benefits paid under Life Insurance Policy No. M589234361, and USAA Life Insurance Company, Inc. is **DISCHARGED** of all liability related to the distribution of those benefits.  The Akins' Motion to Dismiss Counterclaim Without Prejudice (R. 48), and USAA Life Insurance Company, Inc.'s Motion for Leave to Amend (R. 56), are **DENIED AS MOOT**.

An appropriate order and judgment will issue separate from this Memorandum Opinion.

Date:

cc:      Counsel of Record

6